# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, National Association, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:16-cv-785-MHT-DAB ) |
| GRANT SULLIVAN, INC., | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Wells Fargo Bank, National Association ("Wells Fargo"), alleges that Defendant Grant Sullivan, Inc. ("Borrower") is in breach of a note. (Doc. 1). This matter is before the court on the Wells Fargo's motion for summary judgment against Borrower. (Doc. 35). The parties have been afforded an opportunity to brief the matter, which is now taken under submission on the record and without oral argument. For the reasons stated herein, it is the **RECOMMENDATION** of the undersigned that the motion for summary judgment be **GRANTED.**

### I. JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy exceeds $75,000. The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On May 18, 2017, the

above-styled matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 33); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.   SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  "Where 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.'  Fed. R. Civ. P. 56(e) (emphasis added).  Thus, summary

judgment, even when unopposed, can only be entered when 'appropriate.'" *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). When opposing a motion for summary judgment, however, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. "If the evidence [presented by the nonmoving party to rebut the moving party's evidence] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (internal citations omitted).

### III.   BACKGROUND AND STATEMENT OF MATERIAL FACTS

Wells Fargo "is a national banking association" and "is the owner and holder of all loan documents" in this matter "and the party entitled to enforce the same."

(Doc. 1 at ¶ 1). "Borrower, is an Alabama corporation with its principal place of business in Montgomery, Alabama." *Id.* at ¶ 2. "On or about December 10, 2008, [Wells Fargo] made a line of credit loan to Borrower in the amount of $75,000.00 (the 'Loan') as evidenced by that certain Promissory Note dated December 10, 2008, made by Borrower payable to Lender in the stated principal amount of $75,000.00 (… 'Note')." (Doc. 35-1 at ¶ 5). "The Note is a demand note and payable in full, including all principal and accrued interest, upon demand." *Id.* at ¶ 6. "Due to Borrower's failure to pay the amounts due under the Loan Documents, Lender demanded payment of all amounts due under the Loan Documents by letter to Borrower dated October 28, 2015." *Id.* at ¶ 9. "As such, on August 22, 2016, Wells Fargo, through counsel, sent Borrower notice that Wells Fargo was demanding payment in full of all amounts outstanding under the Loan Documents." *Id.* at ¶ 11. Borrower has failed to repay the amounts owed to Wells Fargo. *Id.* at ¶ 12. "As of September 8, 2016, the outstanding indebtedness due under the Note is $100,050.92. This debt consists, in part, of $74,271.28 in outstanding and unpaid principal, $20,993.38 in accrued and unpaid interest, and $4,786.26 in late charges." *Id.* at ¶ 13. "In addition, pursuant to the Loan Documents, Borrower is obligated to pay Lender all costs it incurs in enforcing its rights in collecting the outstanding indebtedness under the Loan Documents, including but not limited to attorneys' fees, costs of collection, and court costs." *Id.* at ¶ 14.

On September 27, 2016, Wells Fargo filed a Complaint in this Court alleging Breach of Note against Borrower and Breach of Guaranty against Grant Sullivan. (Doc. 1). On April 24, 2017, Wells Fargo filed a notice and motion stating, in part, that "[d]ue to Grant Sullivan's discharge under the Bankruptcy Code, Wells Fargo seeks to dismiss Grant Sullivan without prejudice from this action." (Doc. 29 at 1). District Judge Thompson entered a judgment dismissing Grant Sullivan without prejudice from this action on May 18, 2017. (Doc. 32 at 1). On May 25, 2017, Wells Fargo filed a motion for summary judgment against Borrower on the sole remaining count of Breach of Note. (Doc. 35). As of the date of this Report, Borrower has filed no response to that motion. (See Doc. 34 at 3)("Responses to motions shall be due fourteen days after the filing of the motion, and any reply to the response within seven days of the filing of the response.").

## IV. DISCUSSION

Borrower has offered no response to Wells Fargo's motion for summary judgment. Although Borrower fails to address the motion, the Court has still considered this matter on the merits of the motion. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)("[S]ummary judgment, even when unopposed, can only be entered when 'appropriate.'"). In Borrowers' Answer to the Complaint, it admits to the material allegations of the Complaint, including the existence of the Note, the amounts owed

pursuant to the Note, Borrower's failure to pay the Note or cure the defaults, and Wells Fargo being entitled to collect reasonable attorney fees and costs incurred in enforcing the rights under the Note. (Doc. 1 at ¶¶ 2-6, 8, 10-14, 18, 20-23; Doc. 13 at ¶ 1). There are no material allegations in dispute. The facts of the case are supported by an affidavit executed by Wells Fargo loan adjuster Andre Taylor. (Doc. 35-1). The amount of attorney fees and costs requested by Wells Fargo is supported by an affidavit executed by attorney Samuel C. Pierce of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. (Doc. 35-2). Under Alabama state law,

> When the terms of a contract are clear and certain, it is the duty of the court and not the jury to analyze and determine the meaning of the contract. *C. F. Halstead Contractor, Inc. v. Dirt, Inc.*, 294 Ala. 644, 320 So. 2d 657 (1975). Moreover, if an instrument is unambiguous, its construction and effect are questions of law which may be decided by summary judgment. *Warrior Drilling & Engineering Co. v. King*, 446 So. 2d 31 (Ala. 1984); F*ederal Land Bank of New Orleans v. Terra Resources, Inc.*, 373 So. 2d 314 (Ala. 1979). The contract in the present case is such an instrument and we find that there is no material issue of fact created by the clear terms of the contract as to the nature of the loan.

*Smith v. Citicorp Person-to-Person Financial Centers, Inc.*, 477 So. 2d 308, 310-11, (Ala. 1985). "In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid." *Lanier v. Moore-Handley, Inc.*, 575 So. 2d 83, 85 (Ala. 1991). The material facts are undisputed, the Note is

unambiguous (Doc. 1-1), and the law applicable to this case is clear and well-settled. Accordingly, Wells Fargo's motion for summary judgment is due to be granted.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Wells Fargo's motion for summary judgment (Doc. 35) is due to be **GRANTED** in its entirety as to its claim of Breach of Note and judgment entered in its favor against Grant Sullivan, Inc., in the amount of $100,050.92 as of September 8, 2016, plus interest accruing from and after September 8, 2016, at $9.28 per day through and including the date of judgment; the costs of this action; and $6,823.77 in attorney fees and expenses.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **August 25, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 11th day of August 2017.

David A. Baker
United States Magistrate Judge